Cowin, J.
BACKGROUND
Plaintiffs Office One, Inc. and Pilgrim Telephone, Inc. have filed numerous tort and contract claims against the various defendants arising out of Office One’s purchase from the Federal Deposit Insurance Corporation of several commercial units in the River Court Condominium in East Cambridge, Massachusetts. In a Memorandum of Order and Decision dated July 10, 1997 and entered July 15, 1997, this Court allowed the Trustees’ special motion to dismiss pursuant to G.L.c. 231, §59H as to Counts I, III, IV, V and VII of the amended complaint but denied it as to Counts VI and VIII [7 Mass. L. Rptr. 219].
DISCUSSION
The Trustees now move this Court to clarify its order of judgment on the ground that Count VI of the plaintiffs’ amended verified complaint makes no mention of the Trustees, but rather states a claim against the defendant attorneys for aiding and abetting an alleged breach of the Trustees’ fiduciary duty. Count VI does not implicate the Trustees as defendants and their special motion to dismiss did not address said Count VI. Therefore, the July 15, 1997 Order should not state that the Trustees’ special motion was denied with respect to that count.
Further, the Trustees move this Court to clarify its order of judgment with respect to Count VIII of the amended complaint, which alleges a violation of Chapter 93A by the Trustees. This Court stated on page 27 of its memorandum:
Finally, Count VIII alleges that the actions of the Trustees, Moore, Errico and condominium counsel constitute willful and knowing violations of Chapter 93A. Given that Office One and Pilgrim have stated a claim for aiding and abetting the Trustees’ breach of their fiduciary duty, Count VIII cannot be dismissed insofar as the alleged violation of Chapter 93A is based on that conduct.
However, as stated above, the allegations in Count VI do not pertain to the Trustees and thus cannot be the basis for a Chapter 93A claim against them. Given that all other claims against the Trustees have been dismissed as based on their right of petition, Count VIII must also be dismissed as against the Trustees because the alleged c. 93A violation by the Trustees is predicated on exactly the same petitioning conduct underlying those counts.
ORDER
It is hereby ORDERED that the Consolidated Memorandum of Decision and Order on Defendants’ Special Motions to Dismiss and Defendants V. Douglas Errico and Marcus, Goodman, Emmer & Brooks, P.C.’s Rule 12(b)(6) Motion to Dismiss, dated July 15, 1997, be CLARIFIED by striking the second paragraph of said Order at 34-35 and replacing it with the following paragraph:
*589 For the foregoing reasons it is hereby ORDERED that the special motion to dismiss of defendants Jacqueline S. Sullivan, Bryan Chegwidden, Nicholas Porcaro, Lynn H. Moore, James E. Gado and Jill Herold, Individually and as Trustees of the River Court Condominium Trust pursuant to G.L.c. 231, §59H is ALLOWED as to Counts I, III, IV, V, VII, and VIII of the Amended Verified Complaint.